IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JOHN P. HEHMAN
CLERK
2013 MAR -6 PM 3: 37
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| MARK MOTTER, JR.<br>2881 Shilling Drive<br>Columbus, Ohio 43232, | : | Case No. 2:13-cv-0216 |
| | : | |
| and | : | Judge |
| | : | |
| LAVANDA TERRELL<br>2318 Sunshine Place<br>Columbus, Ohio 43232, | : | Magistrate Judge JUDGE SARGUS |
| | : | MAGISTRATE JUDGE ABEL |
| Plaintiffs, | : | Class Action Complaint |
| | : | |
| v. | : | Demand for Jury Trial |
| | : | |
| KEVIN J. O'BRIEN<br>995 S. High Street<br>Columbus, Ohio 43206, | : | |
| | : | |
| and | : | |
| | : | |
| JONATHAN M. LAYMAN<br>995 S. High Street<br>Columbus, Ohio 43206, | : | |
| | : | |
| and | : | |
| | : | |
| KEVIN J. O'BRIEN & ASSOCIATES, CO.<br>L.P.A.<br>995 S. High Street<br>Columbus, Ohio 43206, | : | |
| | : | |
| Defendants. | : | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1.     Plaintiffs Mark Motter, Jr. ("Plaintiff Motter") and LaVanda Terrell ("Plaintiff

Terrell") (collectively, "Plaintiffs"), individually and on behalf of all others similarly

situated, bring this private attorney general action for statutory damages against

defendants Kevin J. O'Brien and Kevin J. O'Brien & Associates, Co., L.P.A. (collectively,

"O'Brien Defendants") for violation of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692, *et seq.*) ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices. Plaintiff Terrell also brings an individual claim for statutory damages against defendant Jonathan M. Layman ("Defendant Layman") for violation of the FDCPA.

## JURISDICTION AND VENUE

2.      Pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337, this Court has original subject matter jurisdiction over the federal claims set forth herein.

3.      Pursuant to 28 U.S.C. § 1391(b) and (c) and S.D. Ohio Civ. Rule 82.1, venue is proper in this judicial district and division thereof, because all defendants reside here and because a substantial part of the events or omissions giving rise to the claims set forth herein occurred here.

## PARTIES

4.      At all times pertinent hereto, Plaintiff Motter has been a natural person residing in Franklin County, Ohio.

5.      At all times pertinent hereto, Plaintiff Motter has been, and remains, a "consumer" within the meaning of 15 U.S.C. § 1692a(3), because on or about July 25, 2011, he allegedly incurred a debt for personal, family, and household purposes, *i.e.*, an alleged obligation to pay $500 to Allan J. Scheiner, D.D.S., Inc., Columbus, Ohio for dental services rendered to him ("Motter Debt").

6.      At all times pertinent hereto, Plaintiff Terrell ("Plaintiff Terrell") has been, and remains, a "consumer" within the meaning of 15 U.S.C. § 1692a(3), because during April and May 2011, she incurred a debt for personal, family, and household purposes,

2

*i.e.*, an obligation to pay Allan J. Scheiner, D.D.S., Inc., Columbus, Ohio, for dental services rendered to her ("Terrell Debt").

7.     Defendant Kevin J. O'Brien is an individual residing in Ohio, and he has been licensed to practice law in Ohio since November 1, 1983.  At all times pertinent hereto, Defendant O'Brien was the sole shareholder of Defendant Kevin J. O'Brien & Associates Co, L.P.A.; was employed by Defendant Kevin J. O'Brien & Associates Co., L.P.A. as an attorney; was acting within the course and scope of that employment; and was practicing law primarily in the area of consumer debt collections from an office located at 995 South High Street, Columbus, Franklin County, Ohio.

8.     Defendant Layman is an individual residing in Ohio, and he has been licensed to practice law in Ohio since November 7, 2011.  At all times pertinent hereto defendant Layman was employed by defendant Kevin O'Brien & Associates Co., L.P.A. as an associate attorney; was acting within the course and scope of that employment; and was practicing law primarily in the legal practice area of consumer debt collections from an office located at 995 South High Street, Columbus, Franklin County, Ohio.

9.     At all times pertinent hereto, Defendant Kevin J. O'Brien & Associates Co., L.P.A. has been, and remains, an Ohio legal professional association, having its principal place of business at 995 South High Street, Columbus, Franklin County, Ohio. Organized on or about November 29, 1999, Defendant Kevin J. O'Brien & Associates Co., L.P.A. has existed and operated for the practice of law, with its primary legal practice area being consumer debt collections.

10.     At all times pertinent hereto, the O'Brien Defendants and Defendant Layman have each been, and remain, a "debt collector" within the meaning of 15 U.S.C.

3

§ 1692a(6), because each uses the instrumentalities of interstate commerce and/or the mails in their business, the principal purpose of which is the collection of consumer debts incurred primarily for personal, family, or household purposes; or alternatively, each regularly collects or attempt to collect, directly or indirectly, such consumer debts owed or due or asserted to be owed or due another.

11.     In 2012, acting on behalf of creditors and as shown by court records, the O'Brien Defendants filed more than 800 debt collection lawsuits against consumers in the Franklin County Municipal Court.

12.     As a matter of course, the O'Brien Defendants collect consumer debts for Allan J. Scheiner, D.D.S., Inc. with whom the O'Brien Defendants have had an ongoing attorney-client relationship extending over several years.

THE COLLECTION OF THE MOTTER DEBT

13.     Plaintiff Motter did not pay the Motter Debt, because he disputed it.

14.     Thereafter, Allan J. Scheiner, D.D.S., Inc. engaged the O'Brien Defendants for purposes of collecting the Motter Debt.

15.     Pursuant to that engagement, on March 7, 2012, the O'Brien Defendants filed a complaint ("Motter Complaint") against Plaintiff Motter in the Franklin County Municipal Court, Columbus, Franklin County, Ohio, seeking a money judgment on the Motter Debt.  A copy of the Motter Complaint is attached hereto as Exhibit A.

16.     Included in the prayer of Motter Complaint was a demand for the recovery "Plaintiff's attorney's fees."

17.     On March 19, 2012, Plaintiff Motter was served with the Motter Complaint via certified mail.

4

18.     Plaintiff Motter did not timely file and serve an answer to the Motter complaint.

19.     Pursuant to a Motion for Default filed April 17, 2012, Judge Mark Hummer entered a default judgment against Plaintiff Motter on April 18, 2012, for the amount of $500, plus interest at the statutory rate from the date of judgment and court costs.

<u>THE COLLECTION OF THE TERRELL DEBT</u>

20.     Plaintiff Terrell paid part of the Terrell Debt; but after June 2011, she did not pay the remaining $185 balance.

21.     Subsequent to June 2011, Allan J. Scheiner, D.D.S., Inc. engaged the O'Brien Defendants and Defendant Layman for purposes of collecting the remaining balance owed on the Terrell Debt.

22.     Pursuant to that engagement, on July 19, 2012, the O'Brien Defendants and Defendant Layman filed a complaint ("Terrell Complaint") against Plaintiff Terrell in the Franklin County Municipal Court, Columbus, Franklin County, Ohio, seeking a money judgment for the remaining balance owed on the Terrell Debt. A copy of the Terrell Complaint is attached hereto as Exhibit B.

23.     Included in the prayer of Terrell Complaint was a demand for the recovery "Plaintiff's attorney's fees."

24.     Effective August 21, 2012, Plaintiff Terrell was served with the Terrell Complaint via ordinary mail.

25.     Plaintiff Terrell did not file and serve an answer to the Terrell Complaint; nor did she otherwise defend it.

26.     Instead Plaintiff Terrell settled, and the settlement agreement was

memorialized in an Agreed Judgment Entry filed September 24, 2012.

## CHALLENGED PRACTICE

27.    At all times pertinent hereto, it has been the O'Brien Defendants' standard Practice, when commencing lawsuits against consumers to collect debts arising from the rendering of dental services, to include in the prayer a demand for the recovery "Plaintiff's attorney's fees" ("Challenged Practice").

## CLASS ACTION ALLEGATIONS

28.    Plaintiffs bring the First Claim, as set forth below, for themselves and, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of all others similarly situated.

29.    Plaintiffs propose the following definition for the putative Class, subject to amendment as appropriate:

Every person upon whom, during the period of time one year prior to the date of filing this action through the date of class certification, the O'Brien Defendants served an Ohio state court complaint seeking a money judgment on a consumer debt arising from the rendering of dental services wherein the prayer of the complaint included a demand for the recovery of "Plaintiff's attorney's fees." ("Class").

Excluded from the Class are the O'Brien Defendants' agents and employees, the Judge and Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.  Plaintiffs represent, and are members of, the putative Class, as so defined.

30.    The identity of the members of the putative Class can be readily ascertained from the O'Brien Defendants' records and Ohio state court records.

31.    The members of the putative Class are so numerous that joinder of all parties is impracticable.  At this time, the precise number of members of the putative Class cannot be determined, but the number of members is reasonably estimated to

exceed 60, as shown by Franklin County Municipal Court records.

32.    There are questions of law or fact common to the putative Class including, whether Defendants have engaged in the Challenged Practice, as described above; and if so, whether such conduct violates the FDCPA.

33.    The claims of Plaintiffs are typical of the claims of the members of the putative Class in that Plaintiffs allege the same legal claims as the legal claims asserted on behalf of the putative Class as a whole, and all such legal claims are based upon the same Challenged Practice of the O'Brien Defendants.

34.    Plaintiffs' interests do not conflict with the interests of the putative Class.

35.    Plaintiffs will fairly and adequately protect the interests of the putative Class, because Plaintiffs each have a personal desire to vindicate the rights of the putative Class and because Plaintiffs have retained competent and experienced counsel to represent them and the putative Class.

36.    Plaintiffs and their counsel will vigorously prosecute the claims of the putative Class.

37.    The questions of law or fact common to the putative Class predominate over questions which may affect individual putative Class members.

38.    A class action is the superior method for the fair and efficient adjudication of this controversy.    Class-wide damages are essential to induce the O'Brien Defendants to comply with the FDCPA.  Furthermore, the interests of putative Class members in individually controlling the prosecution of separate claims against the O'Brien Defendants is small because the statutory damages in an individual action for violation of the FDCPA are relatively modest.  In addition, the disposition of the claims in

7

a class action will provide substantial benefit to the parties and to the Court by avoiding a multiplicity of identical suits. Then too, management of the claims of the putative Class are unlikely to present any significant difficulties and much fewer difficulties than those presented in many class actions, *e.g.*, securities fraud class actions. Finally, the FDCPA rights of the vast majority of putative Class members are unlikely to be vindicated in the absence of a class action, because members may be unaware of their rights.

### FIRST CLAIM—THE CLASS' CLAIM AGAINST THE O'BRIEN DEFENDANTS

39.    Plaintiffs, for themselves and for the putative Class, hereby refer to and incorporate herein all of the allegations contained in the paragraphs 1-38 above.

40.    The Challenged Practice violates Ohio law, which does not permit the recovery of attorney fees against consumers for debts arising from the rendering of dental services.

41.    By engaging in the Challenged Practice, as described above, the O'Brien Defendants violated the FDCPA rights of Plaintiffs and the putative Class by using a false, deceptive, and misleading representation and means in connection with the collection of a debt, *i.e.,* (A) in violation of 15 U.S.C. § 1692*e(2)(A),* the O'Brien Defendants made a false representation to Plaintiffs and the putative Class of the character, amount, and legal status of a debt, (B) in violation of 15 U.S.C. § 1692*e(2)(B),* the O'Brien Defendants made a false representation to Plaintiffs and the putative Class of the compensation which the O'Brien Defendants may lawfully receive for the collection of a debt, (C) in violation of 15 U.S.C. § 1692*e(5),* the O'Brien Defendants threatened to take action against Plaintiffs and the putative Class that

8

cannot be legally taken, and (D) in violation of 15 U.S.C. § 1692e(10), the O'Brien Defendants used a false and deceptive means to collect, or attempt to collect, a debt from Plaintiffs and the putative Class.

42.     As a result of those FDCPA violations, each of the Plaintiffs and each member of the putative Class is entitled, under 15 U.S.C. § 1692k, to recover statutory damages, plus the costs of this action together with a reasonable attorney's fee.

SECOND CLAIM—PLAINTIFF TERRELL'S CLAIM AGAINST DEFENDANT LAYMAN

43.     Plaintiff Terrell, for herself, hereby refers to and incorporates herein all of the allegations contained in the paragraphs 1-3, 6-12, and 20-26 above.

44.     Ohio law does not permit the recovery of attorney fees against consumers for debts arising from the rendering of dental services.

45.     By filing the Terrell Complaint and serving it on Plaintiff Terrell, as described above, Defendant Layman violated the FDCPA rights of Plaintiff Terrell by using a false, deceptive, and misleading representation and means in connection with the collection of a debt, i.e., (A) in violation of 15 U.S.C. § 1692e(2)(A), Defendant Layman made a false representation to Plaintiff Terrell of the character, amount, and legal status of a debt, (B) in violation of 15 U.S.C. § 1692e(2)(B), Defendant Layman made a false representation to Plaintiff Terrell of the compensation which the Defendant Layman may lawfully receive for the collection of a debt, (C) in violation of 15 U.S.C. § 1692e(5), Defendant Layman  threatened to take action against Plaintiff Terrell that cannot be legally taken, and (D) in violation of 15 U.S.C. § 1692e(10), Defendant Layman used a false and deceptive means to collect, or attempt to collect, a debt from Plaintiff Terrell.

46. As a result of those FDCPA violations, Plaintiff Terrell is entitled, under 15 U.S.C. § 1692k, to recover statutory damages, plus the costs of this action together with a reasonable attorney's fee.

## DEMAND FOR RELIEF

Wherefore, on the First Claim, Plaintiffs demand judgment against the O'Brien Defendants, as follows:

1. That the putative Class be certified and this action be maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(3);

2. That Plaintiffs be designated as representatives of the Class;

3. That Plaintiffs' counsel be designated as counsel for the Class; and

4. That, pursuant to 15 U.S.C. § 1692k, judgment be entered in favor of Plaintiffs and the Class against the O'Brien Defendants for the maximum permissible statutory damages, plus the costs of this action (including all litigation expenses) together with a reasonable attorney's fee.

And, on the Second Claim, Plaintiff Terrell demands, pursuant to 15 U.S.C. § 1692k, that judgment be entered in her favor against Defendant Layman for $1,000 statutory damages, plus the costs of this action (including all litigation expenses) together with a reasonable attorney's fee.

Respectfully submitted,

Daniel R. Freytag, Trial Attorney (0003482)
1320 Dublin Road, Suite 100
Columbus, Ohio 43215
Telephone: (614) 264-6260
danielfreytaglaw@yahoo.com

Kendra L. Carpenter (0074219)
Sprankle Carpenter LLC
P.O. Box 14293 | Columbus, Ohio 43214
Voice+Fax: (614) 310-4135
kcarpenter@ohiofamilymatters.com

Attorneys for Plaintiffs and the Putative Class

## JURY DEMAND

Plaintiffs, for themselves and for the putative Class, demand that all issues in this case be tried by a jury.

Daniel R. Freytag

11